CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Sir Walter Williams, IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00522 |
| ) | |
| Chadwick S. Dotson, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sir Walter Williams, IV, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Compl. at 1 (Dkt. 1).) Williams complains that he is forced to choose between a diet that complies with his religious beliefs and a diet that complies with his medical needs. (*Id.*) Williams' complaint named as the sole Defendant Chadwick S. Dotson, the Director of the Virginia Department of Corrections (VDOC). Dotson filed a motion to dismiss, arguing that dismissal is warranted because of the complaint's lack of factual allegations against him. (Dkt. 12, 13.). For the reasons that follow, the court will grant the motion and dismiss this action.

**I.    Standard of Review**

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

1

(2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## II.    Analysis

To state a viable claim pursuant to 42 U.S.C. § 1983, a "plaintiff must plead that each Government-official defendant, through the Official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show direct personal involvement by each particular defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Further, a viable § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Dismissal is appropriate when defendants are referenced only in the caption of the case. "Where a

2

complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Further, liability is not appropriate simply because a defendant is in charge or has oversight authority. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *see also Pena v. Garder*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Williams' two-sentence complaint does not contain any information about the actions or inactions of Defendant Dotson. The attachments to the complaint do not evidence any personal action of Dotson in connection with the events giving rise to the complaint. Accordingly, Defendant Dotson should be dismissed from this action.

Williams did not respond to the motion to dismiss or request leave to file an amended complaint naming another defendant. Accordingly, the court will grant the motion to dismiss this action without prejudice, meaning that Williams may re-file his claims if he can name a defendant who had personal involvement in the alleged constitutional violations.

### III.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant's motion to dismiss and **DISMISSES** this action without prejudice. The Clerk is **DIRECTED** to close this case.

The Clerk further is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Williams.

**IT IS SO ORDERED**.

3

**ENTERED** this 12th day of January, 2026.

                                                 HON. JASMINE H. YOON
                                                 UNITED STATES DISTRICT JUDGE